FILED'10 FEB 4 1355USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAOTHONG VIRAKITTI,                                    CV. 07-306-BR

       Petitioner,

v.                                                     OPINION AND ORDER

DON MILLS,

       Respondent.

PER C. OLSON
Hoevet, Boise & Olson, P.C.
1000 S.W. Broadway, Suite 1500
Portland, OR  97205
101 SW Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner


JOHN KROGER
Attorney General
LESTER R. HUNTSINGER
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER

**BROWN, District Judge.**

Petitioner, in custody of the Oregon Department of Corrections following conviction on two counts of Robbery in the First Degree, brings this Petition for Writ of Habeas Corpus (#1) pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition.

## BACKGROUND

In 2000, Petitioner was charged with two counts of Robbery in the First Degree and two counts of Conspiracy to Commit Robbery in the First Degree. Petitioner and a co-defendant went to trial. A jury acquitted Petitioner on the two counts of Conspiracy, but was unable to reach a verdict on the two counts of Robbery. The trial court declared a mistrial. In a second trial, a unanimous jury found Petitioner guilty of two counts of Robbery in the First Degree. Petitioner was sentenced to two 90-month prison terms, made partially consecutive, for a total of 132 months imprisonment. (Respt.'s Ex. 101.)

Before both trials, the court issued pre-trial orders cautioning the state against making reference to gangs. (#31, Trial Tr. at 323-25.) During the second trial, however, a witness describing how he knew someone stated, "I just know he is in the same gang as they are, and - -[.]" (*Id.* at 197.) Outside the presence of the jury, the court sought clarification of the witness's intended meaning in the use of the word gang. The witness explained he meant individuals that hang out together, not

2 - OPINION AND ORDER

members of a street gang. The attorneys formulated an approach to clarify the witness's meaning for the jury, without drawing undue attention to the use of the word "gang." (*Id.* at 198-204.)

In later testimony, a detective explaining how law enforcement got leads in the case testified officers were called to a motel regarding some suspicious activity. He stated:

> From [the police officers'] investigation at the scene, talking to people that worked at the hotel, it appeared that there was Asian gangsters occupying that room and partying there for a few days. So that is the first lead that we got of robbery here involving a small caliber weapon and some bullets and ski masks and what not found out at this motel. And so they started thinking there might be a connection.

(*Id.* at 303-304.) Trial counsel moved for a mistrial based on the detective's use of the term "Asian gangsters." (*Id.* at 322-24.) The trial court recalled the testimony as "relating what somebody at the hotel, employee or manager, had said about activity in the room, and that is where the reference to the Asian gangsters came off. But it was clear that there must be no reference to gangs and what have you." (*Id.* 325.) The court took counsel's motion for mistrial under advisement, but after a recess denied the motion for mistrial. The trial court stated:

> I don't think that looking at the use of the term "Asian gangsters," you would, individually, in the context that it was made, connect with the prior use of the term "gang" we had earlier in the case, where it was simply clear to me, in any event, that it was not meant in terms of street gangs or gangsters, Mafioso, or what have you, Asian or not. There was, though, a pretrial order that there was to be no reference to gangs. I don't know what instructions were given to the detective.

3 - OPINION AND ORDER


I don't - - again, I don't think, individually or collectively, that this reaches the point of being a basis for granting the mistrial motion. I would give a, perhaps, an instruction to the jury if it is requested, something along the lines of . . . Members of the jury, this witness who has testified just before our noon break about the use of the words "Asian gangsters" by another person, a motel employee, you are to ignore the use of those words. There is no evidence - - there is no evidence this case is gang related or the defendants are members of a gang.

(*Id.* 332-33.) The attorneys and prosecutor discussed options for a corrective instruction with the court. The following day, before the detective's cross-examination resumed, the court instructed the jurors to ignore the use of the words "Asian gangsters" and told them there was no evidence the case was gang related or that the defendants were gang members. (*Id.* at 525.) The trial proceeded without further reference to gangs.

Petitioner directly appealed his conviction, raising as error the trial court's denial of his motion for acquittal, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.[1] *State v. Virakitti*, 190 Or. App. 305, 79 P.3d 418 (2003), *rev. denied*, 338 Or. 374, 110 P.3d 113 (2005).

---

[1] Petitioner was represented before the Court of Appeals by Daniel O'Dell. After affirming the lower court, the Court of Appeals appointed new appellate counsel, Andrew Chilton, to review Mr. O'Dell's work to see if any issues were missed. The Oregon Supreme Court directed Mr. Chilton to file a petition for review. (Respt.'s Exs. 105 at 3 n.1; Ex. 126 at 7.) After reviewing the transcript and finding no additional issues, Mr. Chilton filed for review relying on the appellate brief drafted by Mr. O'Dell. (Respt.'s Ex. 126 at 8.)

4 - OPINION AND ORDER

Petitioner filed for post-conviction relief ("PCR") raising numerous claims of ineffective assistance of trial and appellate counsel, and claims his rights to a jury trial, due process, and equal protection were violated. (Respt.'s Ex. 108 at 3-8.) The PCR trial court denied relief, issuing written Findings of Fact, Conclusions of Law. (Respt.'s Exs. 127, 128.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review, with appellate judgment effective March 28, 2008. (Respt.'s Exs. 133, 132.)

Petitioner filed the instant Petition for Writ of Habeas Corpus raising twenty-nine grounds for relief. (#1, Pet. at 5-11.) In his Memorandum (#53), Petitioner specifies he is addressing two grounds for relief:

> J. GROUND TEN
> Petitioner was denied effective assistance of counsel . . . when counsel failed to object to prejudicial comments made by the prosecutor during closing arguments.
>
> T. GROUND TWENTY
> Petitioner was denied effective assistance of appellate counsel . . . when he failed to raise a claim based on the trial court's denial of a mistrial after witnesses disobeyed the court's order not to make any references to 'gang' activity on [the] part of Petitioner.

(Petr.'s Mem. at 2.) Respondent contends Petitioner is not entitled to relief because he has not met the burden of proof for habeas relief on the 27 claims he does not argue, and the state

5 - OPINION AND ORDER

court decision denying relief on the two claims he argues is entitled to deference. (#54, Resp. at 1.)

## DISCUSSION

### I. STANDARDS

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In construing this provision, the Supreme Court stated: "it seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). In this case, it is the decision of the state PCR

6 - OPINION AND ORDER

court. Petitioner contends the state court's determination was an unreasonable application of clearly established federal law. (Petr.'s Mem. at 19.)

A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at 413). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

## II. GROUNDS NOT ADVANCED IN MEMORANDUM

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." This Court has reviewed the record and finds Petitioner is not entitled to relief on the 27 claims not advanced in his memorandum.

For habeas relief under § 2254(d), Petitioner has the burden of showing that the state court adjudication of his claims was

7 - OPINION AND ORDER

contrary to or an unreasonable application of established Supreme Court precedent. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2254(d). Petitioner has failed to meet the burden of proof on the 27 claims he does not address in his memorandum. Accordingly, relief on Grounds 1-9, Grounds 11-19, and Grounds 21-29, which are not advanced in Petitioner's memorandum, must be denied.

## III. THE MERITS

The claims advanced in Petitioner's memorandum allege, (1) trial counsel was deficient in failing to object to prejudicial comments made by the prosecutor during closing arguments, and (2) appellate counsel was deficient in failing to raise a claim based on the trial court's denial of a mistrial after witnesses made reference to gang activity on the part of Petitioner. The Court refers to these as Ground Ten and Ground Twenty, respectively.

It is well established that a claim of ineffective assistance of counsel is governed by the principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). A federal claim of ineffective assistance of counsel requires a petitioner prove his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529

U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. A petitioner's failure to prove either the performance prong or the prejudice prong will cause the claim to fail. *Strickland*, 466 U.S. at 697. The standards established in *Strickland* also apply to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

To prevail in the PCR proceedings Petitioner had to show the PCR court that (1) trial counsel's performance was deficient when he failed to object to the prosecutor's closing arguments, and that, but for counsel's deficient performance, the outcome of his trial would have been different, and (2) appellate counsel was deficient in failing to raise a claim based on the trial court's denial of a mistrial, and that, but for appellate counsel's deficient performance, the Oregon Court of Appeals would have found error. Upon review of the record, I conclude Petitioner failed to make the necessary showing, and it was neither contrary to, nor an unreasonable application of *Strickland* for the PCR court to deny relief.

The PCR court reviewed all briefing and exhibits, and select portions of the trial transcript relevant to Petitioner's claims. (Respt.'s Ex. 126 at 3.) In denying Petitioner relief, the PCR court made the following findings that are relevant to Grounds Ten and Twenty:

> 10. The prosecutor's closing argument was permissible. Counsel for petitioner provided competent

9 - OPINION AND ORDER

>    representation when he declined to object during
>    that portion of the trial.
>
> * * *
>
> 16. Declining to make an objection during closing
>     argument, when the prosecutor referred to "nuns,
>     teachers [and] engineers," was well within the wide
>     range of professional judgment that attorneys are
>     expected to exercise.
>
> 17. The jury was instructed that the "attorneys'
>     statements and argument are not evidence," and that
>     the verdict must be based "on the evidence and
>     these instructions."
>
> * * *
>
> 19. *** Petitioner failed to present any factual or
>     legal basis upon which to conclude that a different
>     result likely would have ensued on appeal, if
>     appellate counsel had assigned error to the rulings
>     which petitioner believes should have been
>     challenged.
>
> 20. Petitioner did not provide any competent or
>     credible evidence in support of his post-conviction
>     claims.

(#29, Ex. 127 at 2-3.)  The PCR court findings are presumed to be correct absent Petitioner presenting clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).  Petitioner has not met this burden.

In support of Ground Ten, Petitioner argues the prosecutor made prejudicial comments during closing and that the trial court's instruction to the jury, stating attorney arguments were not evidence and should not be considered as such, did not compensate for the prejudicial comments.  Petitioner gives examples of the prosecutor's argument that he asserts were improper, but admits not

10 - OPINION AND ORDER

all were presented to the PCR court. (Petr.'s Mem. at 16.) Petitioner also argues the prosecutor questioned witnesses during the trial in an improper manner, and taken with the improper closing arguments is evidence he was prejudiced. However, contesting the manner in which the prosecutor questioned witnesses during trial is a discrete issue and does not support the claim that counsel was deficient for failing to object to the prosecutor's closing argument.

Petitioner contends trial counsel should have objected to the following statement by the prosecutor in her closing argument:

> [What about encouragement?] You heard from Mr. Lee and Mr. Noorzai concerning the McDonald's robbery. Now, first of all, we don't condone what they did. Not at all. They did a completely illegal act, and *they are not nice people*. If the State had its way, I would be parading nuns, teachers, engineers, anyone else in front of you, but you've got to understand that the State never picks their witnesses. *The only people that pick their witnesses in this case are Mr. Santiago and Mr. Virakitti because it's their friends who came in and testified.* (Tr. 570-71; emphasis added.)

(Petr.'s Mem. at 8.) Petitioner also argues there is evidence of a pattern of prosecutorial misconduct, but acknowledges the statements were not brought to the PCR court's attention.

> In response to the argument of [co-defendant's] attorney that her client was merely present during the commission of the crime, the prosecutor stated: "Well, shame on her. Shame on [the attorney]." ([Trial Tr.] 635). The prosecutor then took the defense attorney to task for arguing that the prosecutor and Detective Jacobellis were involved in a conspiracy to cajole people into giving false testimony, which was a complete mischaracterization of counsel's argument. The prosecutor stated: "And what else? Well, the conspiracy. The conspiracy has grown larger. Not only is it Ted Lee, not only is it Hewad

11 - OPINION AND ORDER

>     Noorzai, not only is it Mr. Jones and Brad Stuart, but
>     now it's the State and now it's the prosecutor and it's
>     Detective Jacobellis, because all we try to do is cajole
>     and make people testify, do all these things that aren't
>     true. *We are officers of court; that is not happening.*
>     *That is not happening. And shame on them for trying to*
>     *pull the wool over your eyes. It's not happening.* \*\*\*
>     *Shame on them for trying to involve everyone.*" (Tr. 635;
>     emphasis added).

(Petr.'s Mem. at 16.)

This Court has reviewed these statements and the closing arguments in their entirety and concludes both the prosecutor and defense attorneys gave forceful closings in which they questioned the motives for, and accuracy of, testimony of witnesses for both the prosecution and defense, thereby pointedly raising weaknesses in their opponents' arguments. When read in context, however, the statements Petitioner emphasizes do not constitute clear and convincing evidence the PCR court was erroneous in findings that the prosecutor's argument was permissible and that counsel's decision not to object was within professional standards. Thus, the PCR court's findings are presumed to be correct.

In support of Ground Twenty, Petitioner argues the Oregon Court of Appeals would have found error had appellate counsel raised the issue of a witness describing persons staying at a hotel as "Asian gangsters." (*Id.* at 14-15.) In the PCR proceeding, Petitioner's appellate counsel was asked: "[w]hy did you not assign error to the fact that a witness was allowed to make a reference to gangs, and Petitioner's motion for mistrial was denied?" (Respt.'s Ex. 126 at 9.) Counsel testified, "[b]ecause that reference was

12 - OPINION AND ORDER

(inaudible) and not substantial under the circumstances. It was not an especially inflammatory reference, and mistrial motions are reviewed for the use [sic] of discretion, so just sort of looking at it on the whole, it didn't seem like there was - - there wasn't much error there, if you know what I'm saying."  (*Id.*)  The PCR court found "Petitioner failed to present any factual or legal basis upon which to conclude that a different result likely would have ensued on appeal, if appellate counsel had assigned error to the rulings which petitioner believes should have been challenged." Petitioner has not shown, nor has this Court's review of the record led to the conclusion the reference to gangs was such that the trial court's curative instruction was insufficient or the denial of his motion for mistrial an abuse of the trial court's discretion.

   Petitioner failed to show the PCR trial court that trial and appellate counsels' representation fell below objective standards of reasonableness.  Petitioner also failed to show that, but for the alleged deficiencies in his attorneys representation, the outcome of the trial or the appeal would have been different. Under *Strickland*, he was required to do so.  It was, thus, neither contrary to, nor an unreasonable application of established federal law for the PCR court to deny relief.  Accordingly, habeas relief is unwarranted.

/ / /

13 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 4th day of February, 2010.

                                                  _____
                                                  ANNA J. BROWN
                                                  United States District Judge

14 - OPINION AND ORDER